## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER MEYERS, #169590**            **CIVIL ACTION**

**VERSUS**            **NO. 19-5094**

**JEFFERSON PARISH SHERIFF'S**            **SECTION: "G"(1)**
**OFFICE, ET AL.**

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Christopher Meyers, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 claiming that excessive force was used against him during a police interrogation. In his original complaint, he sued the Jefferson Parish Sheriff's Office, as well as an arm of that office which he identified as the "Jefferson Parish Investigation Bureau."[1] However, "[t]he Jefferson Parish Sheriff's Office is … an improper defendant, in that 'a sheriff's office is not a legal entity capable of being sued ....'" Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013) (quoting Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002)); accord Francois v. Jefferson Parish Sheriff's Office, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued."); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Accordingly, plaintiff was granted leave to file an amended complaint to name a proper defendant.[2] In his amended complaint, he added as a defendant Agent Devin Dominic, the officer who allegedly used the excessive force at issue.[3]

---

[1] Rec. Doc. 4.
[2] Rec. Doc. 6.
[3] Rec. Doc. 12.

In that plaintiff has now named a proper defendant, it is appropriate for the Court to dismiss *sua sponte* the improper claims against the Jefferson Parish Sheriff's Office and the "Jefferson Parish Investigation Bureau."[4]

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the Jefferson Parish Sheriff's Office and the "Jefferson Parish Investigation Bureau" be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Agent Devin Dominic be allowed to proceed pending further development and review.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this __30th__ day of _____August_____, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous … or fails to state a claim upon which relief may be granted …." 28 U.S.C. § 1915A(b)(1).

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.