UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER MEYERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-5094** |
| **JEFFERSON PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Devan Dominic's ("Dominic") "Motion for Involuntary Dismissal Pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure."[1] *Pro se* plaintiff Christopher Meyer ("Plaintiff") has not filed an opposition to the motion.[2] This Court has authority to grant a motion as unopposed, although it is not required to do so.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

On March 29, 2019, Plaintiff filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 claiming that excessive force was used against him during a police interrogation.[4] The case was initially automatically referred to a Magistrate Judge pursuant to Local Rule 73.2. In the original complaint, Plaintiff sued the Jefferson Parish Sheriff's Office, as

---

[1] Rec. Doc. 39.

[2] The motion was filed on April 9, 2021 and set for submission on May 5, 2021. Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] *See* Rec. Docs. 1, 4.

1

well as an arm of that office which he identified as the "Jefferson Parish Investigation Bureau."[5] However, "[t]he Jefferson Parish Sheriff's Office is . . . an improper defendant, in that 'a sheriff's office is not a legal entity capable of being sued . . . .'"[6] Accordingly, the Magistrate Judge granted Plaintiff leave to file an amended complaint to name a proper defendant.[7] In the amended complaint, Plaintiff added as a defendant Agent Devin Dominic ("Dominic"), the officer who allegedly used the excessive force at issue.[8]

Because Plaintiff named a proper defendant, the Magistrate Judge recommended that the Court dismiss the claims against the Jefferson Parish Sheriff's Office and the "Jefferson Parish Investigation Bureau."[9] On December 31, 2019, the Court dismissed Plaintiff's claims against the Jefferson Parish Sheriff's Office and the "Jefferson Parish Investigation Bureau" with prejudice.[10] On November 15, 2019, this Court, having been advised that not all of the parties to this proceeding were willing to proceed to trial before the Magistrate Judge, vacated the automatic referral to the Magistrate Judge.[11]

The Court issued a Scheduling Order on June 18, 2020.[12] The Scheduling Order provides in part that "[i]nitial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be exchanged within 14

---

[5] Rec. Doc. 4.

[6] *Mitchell v. Jefferson Parish Correctional Center*, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013) (quoting *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)).

[7] Rec. Doc. 6.

[8] Rec. Doc. 12.

[9] Rec. Doc. 18.

[10] Rec. Doc. 23.

[11] Rec. Doc. 20.

[12] Rec. Doc. 27.

days."[13] On July 2, 2020, Plaintiff filed a Motion for Extension of Time to Exchange Rule 26 Initial Disclosures.[14] On July 14, 2020, the Court granted Plaintiff's Motion for Extension of Time to Exchange Rule 26 Initial Disclosures and further ordered that initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) must be exchanged within 14 days of entry of that Order.[15]

Pursuant to the Scheduling Order, a joint status report was due on August 3, 2020.[16] However, counsel for Dominic was unable to reach Plaintiff to prepare the status report. Accordingly, on August 3, 2020, Dominic filed a status report and provided a copy to Plaintiff.[17] Because Plaintiff did not participate in the preparation of the status report, the Court set a status conference for September 30, 2020.[18] However, Plaintiff failed to appear for the status conference.[19] Counsel for Dominic indicated that he was having difficulty reaching Plaintiff.[20] The Court instructed counsel for Dominic to attempt to provide discovery directly to Plaintiff.[21]

On February 26, 2021, Dominic filed a Motion to Compel production of Plaintiff's discovery responses.[22] Plaintiff failed to respond to the motion. Accordingly, on March 19, 2021,

---

[13] *Id.*

[14] Rec. Doc. 28.

[15] Rec. Doc. 29.

[16] Rec. Doc. 27.

[17] Rec. Doc. 30.

[18] Rec. Docs. 31, 32, 33.

[19] Rec. Doc. 34.

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. 35.

the Magistrate Judge granted the motion and ordered Plaintiff to provide any discovery responses by April 2, 2021.[23] The Magistrate Judge cautioned Plaintiff that his failure to comply with his discovery obligations could result in dismissal of this lawsuit for failure to prosecute.[24]

Pursuant to the Scheduling Order, witness and exhibit lists were due on March 17, 2021.[25] Plaintiff failed to file a witness or exhibit list.

On April 9, 2021, Dominic filed the instant Motion for Involuntary Dismissal[26] and set the motion for submission on May 5, 2021. Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date. Plaintiff failed to file any opposition to the instant motion.

The Court set a status conference for May 6, 2021.[27] Plaintiff failed to appear at the status conference.[28]

## II. Dominic's Arguments

In the motion, Dominic requests that the Court dismiss Plaintiff's claims for failure to prosecute.[29] Dominic alleges that in the two years this action has been ongoing, Plaintiff "has done absolutely nothing to prosecute his claims."[30] Dominic highlights Plaintiff's failure to provide

---

[23] Rec. Doc. 37.

[24] *Id*.

[25] Rec. Doc. 27.

[26] Rec. Doc. 39.

[27] Rec. Doc. 40.

[28] Rec. Doc. 41.

[29] *Id.*

[30] Rec. Doc. 39-1 at 3.

Rule 26 disclosures, attend a status conference, respond to Dominic's discovery requests, and comply with a motion to compel discovery.[31]

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[32] To dismiss an action in this manner, there must be a clear record of delay or contumacious conduct by the plaintiff, and the court must expressly find that no lesser sanction would suffice to prompt diligent prosecution.[33] A clear record of delay is found where there have been "significant periods of total inactivity."[34] Even when that standard is met, at least one of the following "aggravating factors" should usually be present: (1) the delay was caused by the plaintiff, as opposed to his attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct.[35] Dismissals pursuant to Rule 41(b) are reviewed for abuse of discretion.[36]

Similarly, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[37] Possible sanctions

---

[31] *Id.* at 2–3.

[32] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[33] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).

[34] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

[35] *Id.*

[36] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

[37] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[38] "Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[39]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[40] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[41] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim."[42] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[43]

---

[38] Fed. R. Civ. P. 37(b)(2)(A)(v).

[39] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[40] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[41] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[42] *Id.*

[43] *Id.*

## IV. Analysis

On April 9, 2021, Dominic filed the instant Motion for Involuntary Dismissal.[44] Plaintiff has not opposed this motion. For the reasons that follow, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders, respond to Defendant, or appear to prosecute his claims.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, including dismissing the action or proceeding in whole or in part.[45] After being granted an extension of time to exchange Rule 26 initial disclosures, Plaintiff still failed to provide initial disclosures to Dominic. Thereafter, Plaintiff failed to respond to Dominic's discovery requests. Plaintiff also failed to comply with a discovery order compelling his discovery responses.

Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[46] Plaintiff has repeatedly failed to comply with court orders or appear to prosecute his claim. Plaintiff failed to file witness and exhibit lists on March 17, 2021.[47] Plaintiff

---

[44] Rec. Doc. 39.

[45] Fed. R. Civ. P. 37(b)(2)(A)(v).

[46] Fed. R. Civ. P. 41(b); *see also McCullough*, 835 F.2d at 1127.

[47] Rec. Doc. 27.

failed to attend a telephone status conference on September 30, 2020.[48] Plaintiff failed to attend a status conference on May 6, 2021.[49]

While the Court is aware that Plaintiff is currently unrepresented by counsel and that dismissal with prejudice "is a harsh action, to be used only in extreme circumstances,"[50] Plaintiff's *pro se* status does not diminish his responsibilities in this case. Dismissal is warranted when a court is faced with "significant periods of total inactivity."[51] Plaintiff has missed numerous deadlines and has not filed anything into the record in this matter since July 2, 2020, when he requested an extension of time to exchange initial disclosures. Dominic continued to incur expenses as he strives to comply with Court deadlines, while Plaintiff has failed to appear in this matter or respond to motions or the Court's orders since July 2020. Plaintiff's failure to comply is deliberate because Plaintiff has been served with all of the Court's orders at his last known address.

Based on the foregoing, the Court finds that there is a clear record of unreasonable delay caused by Plaintiff, and that no lesser sanction other than dismissal would suffice.[52] Therefore, the Court finds that it is appropriate to dismiss Plaintiff's claims with prejudice to best serve the interests of justice because Plaintiff has repeatedly demonstrated an unwillingness to continue prosecution in this case.

---

[48] Rec. Doc. 34.

[49] Rec. Doc. 41.

[50] *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985).

[51] *Berry*, 975 F.2d at 1191 n.5.

[52] *Raborn*, 278 F. App'x at 404; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

## V. Conclusion

Based on the foregoing, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders, respond to Dominic, or appear to prosecute his claims. Plaintiff has not opposed this motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Devan Dominic's ("Dominic") "Motion for Involuntary Dismissal Pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure"[53] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute.

**NEW ORLEANS, LOUISIANA**, this 11th day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[53] Rec. Doc. 39.